David J. Burman, Washington Bar No. 10611
  (appearance *pro hac vice*)
DBurman@perkinscoie.com
Abha Khanna, Washington Bar No. 42612
  (appearance *pro hac vice*)
AKhanna@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Abby L. Bloetscher, Bar No. 312759
ABloetscher@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone:  415.344.7000
Facsimile:  415.344.7050

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN SMITH, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>      v.<br><br>WALGREENS BOOTS ALLIANCE, INC., WAGDCO, LLC, COSTCO WHOLESALE CORPORATION and DOES 1-10,<br><br>              Defendants. | Case No. 3:20-cv-05451-CRB<br><br>**COSTCO WHOLESALE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:            June 18, 2021<br>Time:            10:00 a.m.<br>Courtroom:   6, 17th Floor<br>Judge:           Hon. Charles R. Breyer |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on June 18, 2021 at 10:00 a.m. or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom 6, 17th Floor of the United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Costco Wholesale Corporation ("Costco Wholesale") will and hereby does move the Court to dismiss Plaintiff's Second Amended Complaint in its entirety. Specifically, by this Motion, Costco Wholesale seeks an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff's Second Amended Complaint in its entirety for failure to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the included Memorandum of Points and Authorities therein contained, any reply papers that may be submitted, and arguments of counsel at any hearing that may be held; and all of the pleadings, files, and records in this proceeding.

DATED:  April 21, 2021  **PERKINS COIE LLP**

By: */s/ David J. Burman*
David J. Burman (*pro hac vice*)
Abha Khanna (*pro hac vice*)
Abby L. Bloetscher

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | STATEMENT OF ISSUES TO BE DECIDED | 7 |
| II. | SUMMARY OF ARGUMENT | 7 |
| III. | INTRODUCTION | 7 |
| IV. | STATEMENT OF FACTS | 8 |
| V. | LEGAL STANDARD | 9 |
| VI. | THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST COSTCO WHOLESALE. | 9 |
| | A. Each Claim is Predicated on the Same Conduct and Same Legal Theories. | 9 |
| | B. Failure to Treat a Disability Is Not Discrimination. | 10 |
| | C. Plaintiff Fails to Allege Costco Wholesale Discriminated on the Basis of Disability. | 11 |
| |     1. The Alleged Policy is Facially Neutral. | 13 |
| |     2. The Policy Does Not Result in Disparate Treatment. | 14 |
| |     3. Plaintiff Fails to Allege a Lack of Meaningful Access. | 15 |
| |     4. The SAC Fails to Plead a Necessary Reasonable Accommodation. | 16 |
| | D. Plaintiff's Claim for a Violation of the Unruh Act Similarly Fails. | 17 |
| VII. | CONCLUSION | 18 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alexander v. Choate*,
   469 U.S. 287 (1985) ............................................................................................................... 15, 16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................................................... 9

*Bain v. Cal. Teachers Ass'n*,
   891 F.3d 1206 (9th Cir. 2018) ..................................................................................................... 14

*Bain v. Transcor Am., LLC*,
   2009 WL 562586 (M.D. Tenn. Nov. 24, 2009) ........................................................................... 12

*Baughman v. Walt Disney World Co.*,
   685 F.3d 1131 (9th Cir. 2012) ..................................................................................................... 16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 9, 12, 13

*Belton v. Comcast Cable Holdings, LLC*,
   151 Cal. App. 4th 1224 (2007) .................................................................................................... 18

*Bryant v. Madigan*,
   84 F.3d 246 (7th Cir. 1996) ......................................................................................................... 10

*City of Canton v. Harris*,
   489 U.S. 378 (1988) .................................................................................................................... 14

*Crowder v. Kitagawa*,
   81 F.3d 1480 (9th Cir. 1996) ....................................................................................................... 15

*Davis v. Astrue. Davis v. Astrue*,
   513 F. Supp. 2d 1137 (N.D. Cal. 2017) ...................................................................................... 16

*Davis v. Guam*,
   932 F.3d 822 (9th Cir. 2010) ....................................................................................................... 13

*Doe v. CVS Pharm., Inc.*,
   982 F.3d 1204 (9th Cir. 2020) ............................................................................................... 10, 15

*Duvall v. County of Kitsap*,
   260 F.3d 1124 (9th Cir. 2001) ..................................................................................................... 14

*Galvan v. Walt Disney Parks & Resorts, U.S., Inc.*,
   425 F. Supp. 3d 1234 (C.D. Cal. 2019) ...................................................................................... 17

Case 3:20-cv-05451-CRB   Document 76   Filed 04/21/21   Page 5 of 18

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*,
  742 F.3d 414 (9th Cir. 2014) ................................................................................... 10, 17, 18

*Hale v. King*,
  642 F.3d 492 (5th Cir. 2011) ............................................................................................. 12

*Koebke v. Bernardo Heights Country Club*,
  36 Cal. 4th 824 (2005) ....................................................................................................... 18

*Lesley v. Hee Man Chie*,
  250 F.3d 47 (1st Cir. 2001) ............................................................................................... 11

*Morgan v. Sacramento County Dep't of Health Serv.*,
  No. 2:19-cv-1600-CKD-P, 2020 WL 7769852 (E.D. Cal. Dec. 30, 2020) ....................... 10

*Murphy v. Squibb & Sons*,
  40 Cal. 3d 672 (1985) ........................................................................................................ 11

*Pac. Shores Props., LLC v. City of Newport Beach*,
  730 F.3d 1142 (9th Cir. 2013) ........................................................................................... 13

*Patton v. TIC United Corp.*,
  77 F.3d 1235 (10th Cir. 1996) ........................................................................................... 15

*PGA Tour v. Martin*,
  532 U.S. 661 (2001) ........................................................................................................... 16

*Rodde v. Bonta*,
  357 F.3d 988 (9th Cir. 2004) ............................................................................................. 16

*Simmons v. Navajo County*,
  609 F.3d 1011 (9th Cir. 2009), *overruled in part on other grounds in Castro v.
  County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (*en banc*) ............................. 10, 11

*Young v. Facebook, Inc.*,
  790 F. Supp. 2d 1110 (N.D. Cal. 2011) ............................................................................. 18

*Zukle v. Regents of Univ. of California*,
  166 F.3d 1041 (9th Cir. 1999) ........................................................................................... 10

**STATUTES**

29 U.S.C. § 794(a) .................................................................................................................. 11

42 U.S.C. § 12182(a) .............................................................................................................. 11

COSTCO WHOLESALE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Affordable Care Act Section 1557 ................................................................................................9, 10, 15

Title III of the Americans with Disabilities Act ................................................................................ passim

Cal. Bus. & Prof. Code § 733 .......................................................................................................................17

Cal. Bus. & Prof. Code § 4050(c) ...............................................................................................................11

Cal. Health & Safety Code § 11153(a) ......................................................................................................17

California's Unruh Civil Rights Act .....................................................................................9, 10, 17, 18

Section 504 of the Rehabilitation Act ..........................................................................................9, 10, 15

**REGULATIONS**

21 C.F.R. § 1306.04(a) .................................................................................................................................17

**OTHER AUTHORITIES**

Centers for Disease Control and Prevention, *Annual Surveillance Report of Drug-Related Risks and Outcomes—United States, 2019*, Table 1B (2019), available at https://www.cdc.gov/drugoverdose/pdf/pubs/2019-cdc-drug-surveillance-report.pdf ..........................................................................................................................................................13

**MEMORANDUM OF POINT AND AUTHORITIES**

**I.     STATEMENT OF ISSUES TO BE DECIDED**

Do Plaintiff's allegations that Costco Wholesale Corporation discriminated against Plaintiff on the basis of disability through an alleged policy of effectively rejecting prescriptions exceeding CDC "dose and duration" recommendations state a claim for violation of the federal Americans with Disabilities Act, the Rehabilitation Act, the Affordable Care Act, or California's Unruh Act?

**II.    SUMMARY OF ARGUMENT**

Plaintiff seeks to avoid the deficiencies in her First Amended Complaint ("FAC") by alleging in her Second Amended Complaint ("SAC") that Costco Wholesale adopted in 2016 a policy of effectively refusing to fill prescriptions that exceed the dose and duration recommended by the Centers for Disease Control. Costco Wholesale has no such policy, although such prescriptions may warrant examination by the pharmacist. But even accepting the alleged facts, Plaintiff's claims still fail. The SAC claims that (i) *all* persons with an opioid prescription exceeding the dose and duration threshold are disabled (and thus Costco Wholesale has a facially discriminatory policy), and (ii) even if Costco Wholesale's alleged policy is neutral, it denies meaningful access to the proposed class of disabled persons. The first claim is legally insufficient. The second still suffers from the problem identified in Plaintiff's FAC: the complaint fails to allege that Costco's hypothetical policy treats those with a disability differently than those who are not disabled. Nor has Plaintiff otherwise adequately alleged intentional discrimination by Costco Wholesale. Accordingly, Plaintiff's federal and state claims for discrimination all fail.

**III.   INTRODUCTION**

Keeping four out of the five claims in her prior complaint, Plaintiff's SAC now contends that Costco Wholesale imposes arbitrary dosage and duration thresholds on "some or all opioid prescriptions." But Plaintiff has still failed to sufficiently allege this supposed policy discriminates against Plaintiff or her proposed class on the basis of their disability. Instead, Plaintiff yet again relies on an overbroad theory of disability: that all patients with opioid

prescriptions exceeding CDC's recommendations are disabled and necessarily suffer from high impact chronic pain, are cancer patients, or are patients receiving palliative care. Plaintiff offers no legal support for this expansive theory that a disability can be defined by an alleged treatment, and Plaintiff's own statistics and definition of the proposed class contradict her claim that all such persons suffer disabling chronic pain and are protected by the federal disability statutes.

As support for this new theory, Plaintiff has added but one new instance where a pharmacist employed by Costco Wholesale allegedly failed to fill her opioid prescription. It remains the case that Plaintiff has alleged nothing to suggest this alleged policy treats Plaintiff or her proposed class differently *because of* disability.

### IV.     STATEMENT OF FACTS

The SAC alleges that Plaintiff suffers from epilepsy and effects of an automobile accident, SAC ¶¶ 78-83, and that she has been prescribed morphine for chronic pain since 2011. *Id*. ¶ 85. Plaintiff acknowledges that it has been "well publicized that there is a national problem with opioid abuse alleged to result from the aggressive and misleading marketing of opioid medication by various pharmaceutical companies manufacturing such medication." *Id*. ¶ 41. As a result, enforcement actions by agencies such as the U.S. Department of Justice and U.S. Drug Enforcement Agency have alleged that some pharmacies have "inadequate policies and procedures in place to ensure that prescriptions they filled for opioids were valid prescriptions for legitimate medical purposes." *Id*. Plaintiff does not dispute the validity of that concern or of some level of scrutiny of opioid prescriptions but alleges defendants "swung the pendulum too far in the other direction" regarding their policies on dispensing opioid medication. *Id*. ¶ 42.

The SAC revises Plaintiff's theory of who is disabled, now alleging that "[u]nder the Walgreens and Costco Opioid Dispensing Policies, persons with valid prescriptions which exceed the dosage and/or duration thresholds of the CDC Guideline are treated differently" and do not have the same access as other persons seeking to fill their prescriptions, "whether opioid or non-opioid." SAC ¶ 126. To attempt to create the match between policy and disability missing in the FAC, Plaintiff simply defines as disabled anyone subject to the policy: the alleged policy applies "exclusively to persons who are disabled within the meaning of the ADA." *Id*. Plaintiff admits

she has not seen a description, much less a copy, of such an alleged Costco policy, and can only hypothesize that it was the reason that her prescriptions were "rejected without explanation" three times at Costco Wholesale warehouses remote from her home. *Id*. ¶¶ 109-110.

Despite the ipse dixit that the disability is having a prescription exceeding the CDC recommendation, Plaintiff does not purport to bring these claims on behalf of all persons with such prescriptions; instead Plaintiff narrows her proposed class to patients suffering from high impact chronic pain, cancer patients, or patients receiving palliative care who are prescribed opioid medication. SAC ¶ 24. Based on these allegations, Plaintiff contends that Costco Wholesale has violated Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, Section 1557 of the Affordable Care Act ("ACA"), and California's Unruh Civil Rights Act (the "Unruh Act").

## V.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient, as are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Twombly*, 550 U.S. at 555; *see also* Order Granting Motion to Dismiss ("Order") (Dkt. 61) at 7. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotations omitted).

## VI.    THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST COSTCO WHOLESALE.

### A.     Each Claim is Predicated on the Same Conduct and Same Legal Theories.

Plaintiff has alleged four causes of action for disability discrimination, but they are all based on the same unsupported theories: Costco Wholesale's alleged opioid policy is either facially discriminatory, or alternatively, results in disparate treatment or has a disparate impact on disabled persons, and as a result, Plaintiff and the proposed class have been denied meaningful

access to their prescriptions and Costco Wholesale is required to make reasonable modifications to its policy so as not to discriminate against Plaintiff and the proposed class.  *See generally* SAC ¶¶ 126-135.  Additionally, Plaintiff has not disputed that, assuming the public accommodation prong is met, the three federal discrimination claims -- violation of the ADA, Rehabilitation Act, and ACA -- are analyzed under the same basic standards.  *See Doe v. CVS Pharm., Inc.*, 982 F.3d 1204, 1209 (9th Cir. 2020) (to state a claim for discrimination under the ACA, plaintiff must state a claim under the Rehabilitation Act); *see also Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045, n. 11 (9th Cir. 1999) (no significant difference in analysis of obligations created by the ADA and Rehabilitation Act).  Plaintiff's fourth claim, for violation of California's Unruh Act, incorporates the ADA but requires allegations of "willful, affirmative misconduct on the part of those who violate the Act" demonstrating "more than the disparate impact of a facially neutral policy."  *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc*., 742 F.3d 414, 425 (9th Cir. 2014).[1]

Plaintiff incorporates the same facts and same legal theories throughout each cause of action.  SAC ¶¶ 125-136, 143-144, 155-156, 162-164.  Accordingly, Costco Wholesale addresses the SAC's deficiencies by legal theory, not by separate claim.

**B.     Failure to Treat a Disability Is Not Discrimination.**

Assuming all those suffering chronic pain are disabled, alleged "inadequate treatment for disability" does not run afoul of the statutes.  *See Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2009) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."), *overruled in part on other grounds in Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (*en banc*).  The ADA "does not create a remedy for medical malpractice."  *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996); *see also Morgan v. Sacramento County Dep't of Health Serv.*, No. 2:19-cv-1600-CKD-P, 2020 WL 7769852, *10 (E.D. Cal. Dec. 30, 2020) (holding there was no violation of the Rehabilitation Act and ADA where plaintiff claimed he was "denied effective pain medication" because "plaintiff's allegations

---

[1] It is presumably for this reason that the Ninth Circuit left in place the dismissal of the Unruh Act claim by the District Court in *Doe*.

about the pain medication he received go to the adequacy of the treatment or assistance he was receiving, not to the denial of services because of his disability"). Accordingly, "courts should not" use disability discrimination statutes as a vehicle "to inquire whether [a treatment decision] was the correct or the best decision under the circumstances, or even whether it met the standard of care for the profession," lest "questions of medical propriety be conflated with questions of disability discrimination." *Lesley v. Hee Man Chie*, 250 F.3d 47, 54 (1st Cir. 2001).

Plaintiff's conflation of treatment and disability does not circumvent that principle. The allegations regarding how she and other disabled persons may be treated by pharmacists, including whether pharmacists will fill their prescriptions or require them to agree to a lower dosage or duration (SAC ¶ 130), allege nothing more than inadequate medical treatment, not discrimination on the basis of disability. *Simmons*, 609 F.3d at 1022. While disability discrimination case law has focused on treatment decisions by doctors, the reasoning behind those cases is equally applicable to pharmacists. Pharmacists in California are defined as "health care providers who have the authority to provide health care services." Cal. Bus. & Prof. Code § 4050(c); *see also Murphy v. Squibb & Sons*, 40 Cal. 3d 672, 679 (1985) (pharmacists practice a "dynamic patient-oriented health service").

Federal courts have refused to endorse using the federal disability discrimination statutes to dispute the reasonableness of healthcare judgments. This Court should do the same and dismiss each of Plaintiff's claims.

### C.  Plaintiff Fails to Allege Costco Wholesale Discriminated on the Basis of Disability.

The statutes invoked by Plaintiff forbid discrimination "on the basis of disability," 42 U.S.C. § 12182(a), or "solely by reason of disability," 29 U.S.C. § 794(a). While Plaintiff has described an alleged policy based on "dose and duration" limits, the SAC still fails to plausibly allege that Costco Wholesale only applies this policy to persons reasonably considered "disabled" under federal law. Previously, the Court rejected Plaintiff's claim that all persons with an opioid prescription were disabled. Order (Dkt 61) at 8 ("Plaintiff has laid out her case…without plausibly alleging that all members of the proposed class are 'disabled' under federal law.").

1   Plaintiff's new allegation that those with an opioid prescription exceeding the "dose and duration"
2   limits are universally disabled contains the same defect.  Having a prescription for a certain level
3   of opioid treatment is not a federally recognized disability.

4       The prescription alone does not establish chronic pain, and even if it did, Plaintiff cannot
5   rely solely on chronic pain to create a disability.  *Hale v. King*, 642 F.3d 492, 501 (5th Cir. 2011)
6   (plaintiff with "chronic back pain" not disabled under ADA); *Bain v. Transcor Am., LLC*, 2009
7   WL 562586, at *5 (M.D. Tenn. Nov. 24, 2009) ("having back problems or chronic pain
8   symptoms" insufficient for ADA claim).  The SAC alleges that these patients "are prescribed
9   such medication because they suffer from conditions which render them disabled within the
10  meaning of the ADA."  SAC ¶ 118.  However, this conclusory statement of law is unsupported by
11  factual allegation in the SAC or any principle of law, and the Court should disregard it.  *See*
12  *Twombly*, 550 U.S. at 555 (courts "are not bound to accept as true a legal conclusion couched as a
13  factual allegation" on a motion to dismiss).  Plaintiff cannot deny that many chronic pain patients,
14  even those prescribed opioid medication at a higher dosage or duration level, are not disabled
15  under federal law.  *See* Order (Dkt. 61) at 10 ("National estimates of high-impact chronic pain
16  can help differentiate persons with limitations in major life domains…from <u>those who maintain
17  normal life activities despite chronic pain</u>.") (citing article in FAC).  Nor can Plaintiff deny many
18  persons prescribed such opioid medication do not suffer from a disabling medical condition.  *See*
19  *id*. at 11 ("Plaintiff's alternative assertion, that all individuals who seek to fill an opioid
20  prescription…are 'disabled' under federal law, is incorrect as a matter of law.").

21      Plaintiff's theory that all persons with a prescription exceeding a certain dose or duration
22  are disabled is no more supportable than her prior attempt to define all persons with an opioid
23  prescription as disabled.  In its previous order, this Court recognized that the estimated 50 million
24  Americans suffering from chronic pain in 2016 represented an "overly broad class that federal
25  disability law was never meant to protect."  Order (Dkt. 61) at 12.  The SAC similarly alleges that
26  in 2018 there were nearly 60 million opioid prescriptions for more than 7 days, over 25 million
27  prescriptions issued with dosages exceeding 50 MME, and over 12 million prescriptions issued
28

with dosages exceeding 90 MME (SAC ¶ 129) —without providing any facts to support Plaintiff's claim that all of these individuals are disabled.[2]

The SAC fails to provide any facts that create more than a "suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Accordingly, even accepting Costco Wholesale's alleged policy as true, the SAC fails to allege Costco discriminated against Plaintiff or her proposed class because of a disability. At most, Plaintiff has alleged a class of disabled and non-disabled persons to which Costco's alleged policy applies equally.

1. The Alleged Policy is Facially Neutral.

Plaintiff alleges Costco Wholesale's alleged policy is not facially neutral because it draws a distinction based on a prescription characteristic more likely to be applicable to a disabled person—a high dose or duration. SAC ¶ 126. Plaintiff also refers to Costco Wholesale's policy as "proxy" discrimination, such as discrimination against persons with gray hair as a "proxy" for age discrimination because the fit between age and gray hair is sufficiently close and thus discrimination against gray hair is constructively facial discrimination. *See e.g., Davis v. Guam*, 932 F.3d 822, 837 (9th Cir. 2010).[3] To qualify as proxy discrimination, "the defendant discriminates against the individuals on the basis of criteria that are almost exclusively indicators of membership in the disfavored group." *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1160, n. 23 (9th Cir. 2013). There are no factual allegations in the SAC to support Plaintiff's conclusion that the "dose and duration" thresholds "almost exclusively" indicate persons who are "suffering from a disabling medical condition" such as chronic pain, for which

---

[2] Plaintiff actually misinterprets the data cited—over 108 million prescriptions were for seven days or more. *See* Centers for Disease Control and Prevention, *Annual Surveillance Report of Drug-Related Risks and Outcomes—United States, 2019*, Table 1B (2019), available at https://www.cdc.gov/drugoverdose/pdf/pubs/2019-cdc-drug-surveillance-report.pdf).

[3] Paragraph 126 of the SAC aptly highlights the inherent inconsistencies in Plaintiff's theories. First, Plaintiff claims that Costco Wholesale's policy applies "*exclusively* to persons who are disabled within the meaning of the ADA," but in the next sentence she describes the policy as merely drawing a distinction "based on a trait *more likely* to be applicable to disabled persons." SAC ¶ 126 (emphasis added). While Plaintiff may plead in the alternative in appropriate circumstances, her inability to define who precisely is disabled and who is being discriminated against is telling.

they are prescribed opioid treatment.  And Plaintiff in fact alleges that the dose and duration is the target of the alleged discrimination, not a mere proxy.  SAC ¶¶ 6, 44, 66-67.

As mentioned above, Plaintiff's claim that all persons with an opioid prescription exceeding CDC thresholds are disabled is both unsupported and unsupportable.  Plaintiff at best has alleged a "dose and duration" policy that applies to both disabled and non-disabled alike.  There is thus no factual basis to suggest any alleged policy is not facially neutral.

### 2. The Policy Does Not Result in Disparate Treatment.

The SAC alleges that Costco Wholesale's alleged policy results in disparate treatment, for which the "deliberate indifference standard applies." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely and a failure to act upon that likelihood.  *City of Canton v. Harris*, 489 U.S. 378, 389 (1988).  But the SAC fails to allege facts to support any deliberate indifference.  There is no plausible explanation of how Costco Wholesale would know its alleged policy discriminated against Plaintiff; instead, the SAC is composed solely of "threadbare recitals of the elements" that are nothing more than "conclusory statements." *Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1211 (9th Cir. 2018); *see* SAC ¶ 113 (alleging "Costco has acted intentionally and with deliberate indifference" and "Costco knew that harm to Mrs. Smith's federally protected right was substantially likely and failed to act on that likelihood").

Indeed, Plaintiff's lengthy factual background describes the differing and ever-evolving guidance from the AMA and the CDC, as well as the numerous lawsuits by governmental agencies against defendants for over-filling opioid prescriptions.  SAC ¶¶ 4, 41-53; *see also* Order (Dkt. 61) at 1-2 (acknowledging the *Purdue* litigation seeks to hold opioid distributors accountable for "not doing enough to stem the illicit opioids economy," yet Plaintiff alleged defendants have "gone too far").  Plaintiff's own allegation that Costco overreacted to that convoluted regulatory landscape necessarily means that Costco was animated by an intent to *comply* with federal law, not by any intent to harm plaintiff or with knowledge that harm to a federally protected right was substantially likely.

### 3. Plaintiff Fails to Allege a Lack of Meaningful Access.

Plaintiff next argues Costco's policy has denied Plaintiff and the proposed class "meaningful access" to public services. *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996). The focus is whether disabled persons are "systematically exclude[d]" from the services at issue by reason of their disability. *Doe v. CVS Pharm., Inc.*, 982 F.3d 1204, 1210 (9th Cir. 2020).[4] "A facially neutral…restriction does not deny 'meaningful access' to the disabled simply because disabled persons are more likely to be affected by it." *Patton v. TIC United Corp.*, 77 F.3d 1235, 1246 (10th Cir. 1996).

The SAC lacks any allegation to show Costco Wholesale's acts amount to a denial of "meaningful access." Plaintiff repeats her two experiences with Costco Wholesale pharmacists who declined to fill Plaintiff's prescription, including one instance where Costco Wholesale informed Plaintiff it did not carry her medication. SAC ¶ 109. The SAC adds one additional instance where a Costco Wholesale pharmacist asked Plaintiff to provide her Costco membership card, Plaintiff could not do so, and so Plaintiff did not get her prescription filled. *Id.* ¶ 110.[5] This new allegation provides no support for Plaintiff's claim that she has been "systematically excluded" by reason of her disability from filling her prescription at Costco Wholesale. And none of the instances implicate any dosage and duration policy.

Further, the Supreme Court has "reject[ed] the boundless notion that all disparate-impact showings constitute prima facie cases" of discrimination. *Alexander v. Choate*, 469 U.S. 287, 299 (1985). Plaintiff fails to sufficiently allege that she and the proposed class are *disproportionately* impacted by Costco Wholesale's policies relative to non-disabled persons with

---

[4] Defendants in the *Doe* case filed their Petition for a Writ of Certiorari in the U.S. Supreme Court, asking the Court to resolve a circuit split and hold that the Rehabilitation Act and Section 504 of the ACA do not provide for a disparate-impact cause of action for plaintiffs alleging disability discrimination. Brief for Petitioners at 25, *CVS Pharmacy, Inc., et al. v. Doe, One, et al.* (U.S. Supreme Court Mar. 25, 2021) (No. 20-1374). While Ninth Circuit law is to the contrary, Costco Wholesale believes the U.S. Supreme Court will hold these statutes do not allow for a disparate impact claim and preserves that argument here.

[5] Paragraph 111 also states "Mrs. Smith has also tried to fill her prescription at the Costco in Concord…but was unsuccessful." Without any additional facts, this allegation cannot support Plaintiff's claim for discrimination.

the same opioid prescriptions.[6] *See Rodde v. Bonta*, 357 F.3d 988, 998 (9th Cir. 2004) (discrimination is actionable under the disparate impact standard only where it "disproportionately burdens the disabled because of their unique needs"). Plaintiff's implicit claim that she requires additional protections to "equalize" her access to opioid medication is precisely the type of claim that "was held to be untenable in *Alexander v. Choate*" and more recently rejected in *Davis v. Astrue*. *Davis v. Astrue*, 513 F. Supp. 2d 1137, 1149 (N.D. Cal. 2017). Without more, Plaintiff's claim that Costco Wholesale's alleged policy disparately impacts disabled persons does not "in and of itself, constitute a violation" of federal disability laws." *Id*.

### 4. The SAC Fails to Plead a Necessary Reasonable Accommodation.

The SAC also states Costco Wholesale is required to "reasonably modify" its alleged opioid policy to accommodate Plaintiff and her proposed class. SAC ¶ 132. Plaintiff proposes the following: Costco Wholesale should modify its alleged policy so that "valid opioid prescriptions for legitimate medical treatment" exceeding dose and duration thresholds "will be filled as written." *Id*. ¶ 134. To establish a prima facie reasonable accommodation case, a plaintiff must show that the requested modification is both (1) reasonable and (2) necessary to accommodate the disability. *PGA Tour v. Martin*, 532 U.S. 661, 683, n. 38 (2001). An accommodation is necessary when failure to provide the accommodation would deprive a disabled person from having a "like experience" as a non-disabled person. *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012).

Plaintiff has not alleged that she requested a reasonable accommodation, merely stating she has complained to Costco Wholesale. SAC ¶ 133. Additionally, Plaintiff has not plausibly alleged Costco Wholesale's policy deprives her from having a "like experience" as other patients. Instead, Plaintiff at most has alleged that she and the proposed class have the same experience at

---

[6] Plaintiff's claim that the proposed class lacks meaningful access "because at any given time, their valid prescription might be refused, might be filled differently than as written, they might be blacklisted, there may be other requirements imposed upon them and/or they may be forced to drive to numerous different pharmacies" is a series of hypotheticals unsupported by any specific factual allegation against Costco Wholesale. *See* SAC ¶ 130.

Costco Wholesale as any person with an opioid prescription that exceeds the "dose and duration" thresholds.[7]  This "comparable" experience to non-disabled persons contradicts the need for any modification.  *Galvan v. Walt Disney Parks & Resorts, U.S., Inc.*, 425 F. Supp. 3d 1234, 1244 (C.D. Cal. 2019) (plaintiff who has "comparable" access to that of non-disabled persons "cannot establish a violation of the ADA").

Even assuming chronic pain patients do not have a "like experience" at Costco Wholesale's pharmacies, Plaintiff does not sufficiently allege the accommodations requested are "reasonable."  As an initial matter, a "modification" to require Costco Wholesale to fill "valid opioid prescriptions for legitimate medical treatment" is so vague on its face as to be unintelligible and unworkable.  If Plaintiff actually seeks to remove any restrictions on filling opioid prescriptions at a certain dose and duration level, this "accommodation" fails to address the liability Costco Wholesale could be subject to as a result of "overprescribing" or failing to maintain adequate controls on opioids.  *See City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*, Case No. 3:18-cv-07591-CRB; *see also* Order (Dkt. 61) at 20, n. 14.  Nor does the modification take into account a pharmacist's duty to properly prescribe and dispense controlled substances.  *See* Cal. Bus. & Prof. Code § 733 (pharmacist not required to dispense medication when, "[b]ased solely on the [pharmacist]'s professional training and judgment, dispensing pursuant to the order or the prescription is contrary to law"); *see also* 21 C.F.R. § 1306.04(a), Cal. Health & Safety Code § 11153(a).  Plaintiff fails to plead an actionable claim for reasonable accommodation.

### D.     Plaintiff's Claim for a Violation of the Unruh Act Similarly Fails.

The Unruh Act generally "does not extend to practices and policies that apply equally to all persons."  *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014) (internal citation omitted).  Thus, to establish a violation of the Unruh Act independent of an ADA claim, a plaintiff must plead intentional discrimination.  *Id*.  "The California Supreme Court has clarified that the Unruh Act contemplates willful, affirmative

---

[7] As mentioned above, Plaintiff's assertion that all persons with an opioid prescription exceeding these thresholds are disabled is simply not plausible.

misconduct on the part of those who violate the Act and that a plaintiff must therefore allege, and show, more than the disparate impact of a facially neutral policy." *Id*. (*citing Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 853 (2005)).

To the extent Plaintiff bases her claim for violation of the Unruh Act on violations of the ADA, the claim fails for the same reasons described above. *See Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1238-39 (2007). Additionally, the SAC alleges, at most, that Costco Wholesale would decline to fill any prescription for opioids at a certain "dose and duration" not just for Plaintiff or those in her proposed class but for others who are not disabled. The complaint thus lacks "any facts from which intentional discrimination may be inferred." *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1116 (N.D. Cal. 2011) (plaintiff who claimed Facebook discriminated against her by terminating account failed to allege Unruh Act violation because "the essence of Young's complaint is that Facebook's account management and customer service systems treat all users in the same cold, automated way"). Because there are no allegations to support a claim of intentional or facial discrimination, Plaintiff's claim for violation of the Unruh Act fails.

## VII. CONCLUSION

Plaintiff alleges (incorrectly) a Costco Wholesale policy and a revised definition of disability but faces the same fundamental deficiencies the Court has previously rejected. For the foregoing reasons, Costco Wholesale respectfully requests that the Court dismiss the claims asserted in the SAC with prejudice.

DATED:  April 21, 2021                             **PERKINS COIE LLP**

By: */s/ David J. Burman*
David J. Burman (*pro hac vice*)
Abha Khanna (*pro hac vice*)
Abby L. Bloetscher

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION