Thomas D. Haklar, SBN 169039
Peggy J. Reali, SBN 153102
LAW OFFICE OF THOMAS D. HAKLAR
320 Encinitas Blvd., Suite A
Encinitas, CA 92024
Tel: 858 481-5454
Fax: 858 720-9797
thaklar@haklarlaw.com

Scott D. Hirsh (Pro Hac)
SCOTT HIRSCH LAW GROUP, PLLC
7301 W. Palmetto Park Road, #207A
Boca Raton, FL 33433
Tel: 561 569-7062
scott@scotthorschlawgroup.com

Attorneys for Plaintiff and Others Similarly Situated
*(Additional Attorneys on Signature page)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SMITH, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>WALGREENS BOOTS ALLIANCE, INC., WAGDCO, LLC, WALGREENS CO, COSTCO WHOLESALE CORPORATION, and DOES 1-10,<br><br>*Defendants.* | Case No.: 3:20-cv-05451-CRB<br><br>**PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO 12(B)(2) MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES FILED BY WALGREENS BOOTS ALLIANCE, INC. FOR LACK OF PERSONAL JURISDICTION**<br><br>Honorable Charles R. Breyer<br><br>Hearing Date: June 18, 2021<br>Hearing Time: 10:00 a.m.<br>Courtroom: 06, 17th Floor |

Plaintiff's Opposition to Defendant Walgreens Boots Alliance Motion To Dismiss Plaintiffs Second Amended Complaint for Lack of Personal Jurisdiction

# TABLE OF CONTENTS

I.   PLAINTIFFS STATEMENT OF ISSUES AND SUMMARY ARGUMENT ............................... 1

II.  STANDARD OF REVIEW .................................................................................................. 2

III. THE COURT HAS PERSONAL JURISDICTION OVER WBA .......................................... 2

IV.  IN THE ALTERNATIVE, PLAINTIFF REQUESTS LEAVE TO
     CONDUCT JURISDICTIONAL DISCOVERY ................................................................. 10

V.   CONCLUSION .................................................................................................................. 11

i

Plaintiff's Opposition to Defendant Walgreens Boots Alliance Motion to Dismiss Plaintiffs Second Amended Complaint for Lack of Personal Jurisdictio

# TABLE OF AUTHORITIES

**Cases**

*Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2008) .................................................................. 10

*Chan v. Society Expeditions,* 39 F. 3d 1398, 1404–05 (9th Cir. 1994) ...................................................... 2

*College Source, Inc. v. Academy One, Inc.,* 653 F.3d 1066, 1076 (9th Cir. 2011) ..................................... 3

*Commonwealth of Kentucky v. Walgreens Boots Alliance, Inc.* ............................................................... 9

*Doe v. Unocal Corp.,* 248 F. 3d 915, 922 (9th Cir. 2001) .......................................................................... 2

*Dow Chemical Co. v. Calderon,* 422 F.3d 827, 830 (9th Cir. 2005) ......................................................... 2

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.,* 711 F. Supp. 2d 1074, 1093 (C.D. Cal. 2010) ........................................................................................................................................................ 10

*Harris Rutsky & Co. Ins. Servs. V. Bell & Clements Ltd.,* 328 F. 3d 1122, 1129 (9th Cir. 2003) .......... 2, 10

*In re Boon Glob. Ltd.,* 923 F. 3d 643, 650 (9th Cir. 2019) ........................................................................ 3

*Kellman v. Whole Foods Mkt., Inc.,* 313 F. Supp. 3d 1031, 1042 (N.D. Cal. 2018) ................................... 2

*Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F. 3d 1218, 1223 (9th Cir. 2011) ........................................ 3

*Pebble Beach Co. v. Caddy,* 453 F. 3d 1151, 1154 (9th Cir. 2006) ............................................................ 2

*Picot v. Weston,* 780 F. 3d 1206, 1211 (9th Cir. 2015) ............................................................................. 3

*Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n.24 (9th Cir. 1977) ....................... 10

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004) ........................................ 2

**Statutes**

Cal. Civ. Proc. Code §410.10 .................................................................................................................... 2

ii

Plaintiff's Opposition to Defendant Walgreens Boots Alliance Motion to Dismiss Plaintiffs Second Amended Complaint for Lack of Personal Jurisdictio

# I.

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
## STATEMENT OF THE ISSUES AND
## SUMMARY OF ARGUMENT

Walgreens Boots Alliance, Inc. ("WBA") seeks dismissal of Plaintiff's Second Amended Complaint ("SAC") against it on the same grounds that it raised in response to the First Amended Complaint ("FAC"), i.e., that this Court has no personal jurisdiction over it because it is nothing more than a holding company with no business or employees in California. WBA asserts that its subsidiary, Walgreens Co., operates retail pharmacies in California and other states and is therefore the proper defendant to Plaintiff's claims. WBA adopts the argument and evidence in support of its prior motion to dismiss (Doc. 56) in support of this motion.

Plaintiff's discrimination claims in the SAC are based on the Policy being applied in Walgreens pharmacies across the nation for the dispensing of prescription opioid medication. WBA is the parent company of Walgreens Co., which operates those pharmacies. As demonstrated by WBA's own words, WBA is responsible for overseeing, setting and implementing that Policy. WBA's motion to dismiss is based on the proposition that it is a separate legal entity from Walgreens Co. However, Plaintiff asserts personal jurisdiction over WBA for its own actions and responsibility in setting, implementing and overseeing the Opioid Dispensing Policy - the very Policy at issue in Plaintiff's SAC - at Walgreens' pharmacies, including the 586 pharmacies located throughout California.[1]

For this reason, the Court has personal jurisdiction over Walgreens. In the alternative, Plaintiff requests leave to conduct jurisdictional discovery.

---

[1] *See* https://news.walgreens.com/fact-sheets/store-count-by-state.htm.

1

Plaintiff's Opposition to Defendant Walgreens Boots Alliance Motion To Dismiss Plaintiffs Second Amended Complaint for Lack of Personal Jurisdiction

# II.

## STANDARD OF REVIEW

Under Rule 12(b)(2), Plaintiff is required to "make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Pebble Beach Co. v. Caddy*, 453 F. 3d 1151, 1154 (9th Cir. 2006). *See also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "The parties may submit, and the court may consider, declarations and other evidence outside the pleadings in determining whether it has personal jurisdiction." *Kellman v. Whole Foods Mkt., Inc.*, 313 F. Supp. 3d 1031, 1042 (N.D. Cal. 2018). "Where not directly controverted, plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion." *Doe v. Unocal Corp.*, 248 F. 3d 915, 922 (9th Cir. 2001). "Conflicts between [the] parties over statements contained in the affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800. *See also Harris Rutsky & Co. Ins. Servs. V. Bell & Clements Ltd.*, 328 F. 3d 1122, 1129 (9th Cir. 2003) ("[C]onflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.").

# III.

## THE COURT HAS PERSONAL JURISDICTION OVER WBA

1. <u>Standard for Exercise of Personal Jurisdiction</u>

Personal jurisdiction over a nonresident defendant exists as long as the requirements of the applicable state long-arm statute and federal due process are met. *Dow Chemical Co. v. Calderon*, 422 F.3d 827, 830 (9th Cir. 2005) (quoting *Chan v. Society Expeditions*, 39 F. 3d 1398, 1404–05 (9th Cir. 1994), *cert. denied*, 514 U.S. 1004 (1995)). "California's long-arm statute, Cal. Civ. Proc. Code §410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under

2

Plaintiff's Opposition to Defendant Walgreens Boots Alliance Motion To Dismiss Plaintiffs Second Amended Complaint for Lack of Personal Jurisdiction

state law and federal due process are the same." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F. 3d 1218, 1223 (9th Cir. 2011), *cert. denied*, 565 U.S. 1157 (2012) (quoting *Schwarzenegger*, 374 F.3d at 800–01). "Due process, in turn, requires that each party 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *In re Boon Glob. Ltd.*, 923 F. 3d 643, 650 (9th Cir. 2019)

Personal jurisdiction over a nonresident defendant can be either general or specific.[2] Specific jurisdiction exists when (1) the nonresident defendant purposefully directs its activities or consummates some transaction with the forum or residents thereof; or performs some act by which it avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e. it is reasonable. *Picot v. Weston*, 780 F. 3d 1206, 1211 (9th Cir. 2015) (citations omitted). The plaintiff bears the burden of satisfying the first two prongs; the burden then shifts to the defendant to demonstrate that the third prong is not satisfied. *College Source, Inc. v. Academy One, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

2. <u>The Court has Specific Jurisdiction over WBA</u>

Plaintiff's claims against WBA concerns the Policy and related activities regarding the filling of prescriptions for opioid medication at Walgreen pharmacies. On its website, WBA states:

## The Heart of Our Business

Walgreens Boots Alliance touches millions of lives around the world every day, through the medicines we dispense and distribute, our convenient retail stores, and our health and beauty

---

[2] Plaintiff lacks sufficient information at present to determine whether the Court may exercise general jurisdiction over WBA and because specific jurisdiction exists, there is no need for a detailed discussion of general jurisdiction.

products. We deliver healthcare and support communities through both our day-to-day operations and our business values. These essential roles continue to shape our approach to corporate responsibility and sustainability, which is central to fulfilling our purpose of helping people lead healthier and happier lives.

*See* https://www.walgreensbootsalliance.com/corporate-responsibility.

The WBA website also contains a Position Statement on Opioids, which provides:

**POSITION STATEMENTS**

**How We're Battling the Opioid Epidemic in the United States**
Opioid abuse is devastating families and entire communities, and the numbers continue to rise. This problem is especially prevalent in the United States, where WBA operates Walgreens and Duane Reade pharmacies.[3]

It goes on to state: "WBA and its Board of Directors care deeply about the devastating impact of the opioid epidemic on our communities. We encourage you to read our Board's report on its oversight of WBA's management of risks related to the dispensing of prescription opioid medication in the United States."

In its *Corporate Social Responsibility Report 2019*, WBA states: "We have worked with hundreds of government representatives at local, state and federal levels and interacted with numerous government agencies, research organizations and other groups - including industry stakeholders such as the National Association of Chain Drug Stores (NACDS) - to drive and influence legislation related to prescription opioids."[4] This statement demonstrates that WBA is an active participant and not a

---

[3]   https://www.walgreensbootsalliance.com/news-media/position-statements/opioid-crisis.

[4]   https://www.walgreensbootsalliance.com/sites/www/files/asset/Walgreens-Boots-Alliance-2019-Corporate-Social-Responsibility-Report_2.pdf, p. 30.

passive bystander in connection with opioid prescriptions, which would include setting the Policy at issue in the SAC.

In June 2019, WBA issued a Board Report on Oversight of Risks Related to Opioids. The Report is attached as Exhibit A to the Declaration of Robert Redfearn, Jr. originally filed with Plaintiff's Opposition to WBA's Motion to Dismiss the FAC for lack of personal jurisdiction (Doc. 55). A copy is attached hereto for the Court's benefit. The Report can also be found online.[5]

The opening paragraph of the Report states:

Walgreens Boots Alliance, Inc. (the "company," "we" or "our") was formed in 2014 as a result of the strategic combination of Walgreens and Alliance Boots and is the first global pharmacy-led health and well-being enterprise, with a heritage of trusted health care services through community pharmacy care and pharmaceutical wholesaling dating back more than 100 years. Our purpose is to help people across the world lead healthier and happier lives. The Company is proud to be a force for good, leveraging many decades of experience and its international scale to care for people and the planet through numerous social responsibility and sustainability initiatives that have an impact on the health and well-being of millions of people. As of August 31, 2018, the Company had more than 85,000 healthcare service providers, including pharmacists, pharmacy technicians, nurse practitioners and other health-related professionals, who live and work in the communities we serve.

(Report, p. 1)

The Report continues, stating that: "The Company's Board of Directors (the "Board") cares deeply about the devastating impact of the opioid epidemic on our communities." (Report, p. 1)

---

[5] https://s1.q4cdn.com/343380161/files/doc_downloads/governance_guidelines/Board-Report-on-Oversight-of-Risk-Related-to-Opioids-June-2019-rev.-August-2019.pdf

It states the purpose of the Report is to "discuss the Board's oversight of the Company's management of risks related to the dispensing of prescription opioid medication ("prescription opioids") in the United States and the work the Company is undertaking to address the U.S. opioid epidemic." (Report, p. 2) The Report further states that: "The Company dispenses controlled substances, including prescription opioid, to patients in the United States through its retail pharmacies, specialty pharmacies and mail services." *Id.*

> The Report continues:
>
> As set forth in the Company's Corporate Governance Guidelines, the Board has responsibility for overseeing risk management policies and processes designed to promote ethical conduct and legal compliance and the Company's compliance with applicable laws and regulations. As a whole and through its committees, the Board exercises oversight over the elements and dimensions of major risks that we face, including risks related to prescription opioids.
>
> The Board also oversees the Company's business strategy. The Board's oversight of management's execution of our business strategy is intended to help promote the creation of long-term stockholder value in a sustainable manner, with a focus on assessing both potential opportunities available to us and risks that we might encounter.

(Report, p. 2)

The Report makes it clear that WBA not only owns the Walgreens retail pharmacies but is directly responsible for the opioid Policy at issue in Plaintiff's lawsuit. This is further confirmed by the following additional statements in the Report:

### Efforts to Address the U.S. Opioid Epidemic

During fiscal year 2018, the Company – under the Board's oversight – continued to expand its ongoing multi-million-dollar effort to help combat overdose-related deaths. This expansion is built on our influence as a leader in the retail pharmacy industry and presence in communities across the United States. (Report, p. 5)

### Risk Mitigation Efforts

In recent years, the Company has implemented a number of operational changes that it believes have helped to reduce its risk with respect to its dispensing of prescription opioids. (Report, p. 6)

Walgreens maintains a Good Faith Dispensing policy, which provides the foundation for our pharmacists to understand their roles and responsibilities when dispensing prescriptions for controlled substances. . . . Our pharmacists receive ongoing training and communication regarding the proper dispensing of prescriptions for controlled substances and steps to help ensure that such prescriptions are issued for a legitimate medical purpose by a licensed practitioner acting in the usual course of his/her professional practice. This includes annual training on Walgreens' Good Faith Dispensing Policy and the roles and responsibilities of pharmacists when dispensing prescriptions for controlled substances. (Report, p. 7)

### Compliance Program Measures

The Company's Code of Conduct governs how the Company's employees must conduct themselves, including specifically addressing their responsibilities to the Company, to their colleagues, and to customers, suppliers, consumers and governments. The Code of Conduct applies to every person conducting business on behalf of the Company and to all of the Company's business locations and subsidiaries. Everyone is required understand the Code of Conduct and abide by the Company's policies and procedures, as well as the laws and regulations in every location where we do business. Any employee who violates the Code of Conduct, Company policy or applicable laws is subject to disciplinary action, up to and including termination. The Code of Conduct is publicly available at www. Walgreensbootsalliance.com. (Report, p. 8)

### Conclusion

*As evidenced by this Report, the Board is committed to continuing its strong oversight of the Company's management of risks related to the dispensing of prescription opioids in the United States* and the work the Company is undertaking to address the U.S. opioid epidemic. We believe that we can drive business results while benefiting society, and we will continue our focus on saving lives by prioritizing efforts to curb the misuse and abuse of prescription drugs through our numerous initiatives and risk mitigation efforts. (Report, p. 12, emphasis added)

This publicly available Report makes clear that WBA is responsible for the very prescription opioid Policies and procedures at issue in this lawsuit. It also makes clear that WBA is responsible for and directs the business activities of all Walgreens retail pharmacy locations in California. These

admissions are more than sufficient to establish specific jurisdiction and satisfy Plaintiff's burden of presenting prima facie evidence of personal jurisdiction over WBA. In addition, at least one other court, the Boone County Circuit Court in Kentucky, exercised personal jurisdiction over WBA, finding it "directly involved in the management and direction of Walgreens' activities." (*See* Order in *Commonwealth of Kentucky v. Walgreens Boots Alliance, Inc.*, attached as Exhibit B to the Declaration of Robert Redfearn (Doc. 55) and attached hereto for the Court's convenience.)

In its reply memorandum in support of its motion to dismiss the FAC, all WBA could muster in response to its Board Report is to weakly claim the Report establishes only that WBA "has a Board of Directors that exercises appropriate oversight with respect to risks and challenges facing its various holdings." (Doc. 56, p. 6.) In fact, the Report does much more than that. The Report is very specifically addressed to the Policy at issue in the SAC. Again, the purpose of the Report is to "discuss the Board's oversight of the Company's management of risks related to the dispensing of prescription opioid medication ("prescription opioids") in the United States and the work the Company is undertaking to address the U.S. opioid epidemic." (Report, p. 2) It notes that: "As a whole and through its committees, the Board exercises oversight over the elements and dimensions of major risks that we face, including risks related to prescription opioids." *Id.* It concludes that: "As evidenced by this Report, the Board is committed to continuing its strong oversight of the Company's management of risks related to the dispensing of prescription opioids in the United States." (Report, p. 12.)

WBA cannot on the one hand make widely publicized statements about its strong and active oversight and responsibility for the Policy which has and is causing harm to Plaintiff, but on the other hand come before this Court and quietly claim that it really has no control over the setting, implementing or modifying of the Policy at issue.

9
Plaintiff's Opposition to Defendant Walgreens Boots Alliance Motion To Dismiss Plaintiffs Second Amended Complaint for Lack of Personal Jurisdiction

Plaintiff has established a prima facie showing of jurisdictional facts sufficient to withstand WBA's motion to dismiss and the motion should be denied.

## IV.

## IN THE ALTERNATIVE, PLAINTIFF REQUESTS LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

"A court may permit discovery to aid in determining whether it has personal jurisdiction." *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1093 (C.D. Cal. 2010) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008), *cert. denied*, 555 U.S. 1171 (2009). Jurisdictional discovery should be granted where "discovery on the issue might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)

While Plaintiff certainly believes she has satisfied her burden of establishing a prima facie showing of jurisdiction, if the Court believes there remains some uncertainty about its exercise of personal jurisdiction over WBA, Plaintiff requests leave to conduct jurisdictional discovery as she has presented sufficient evidence to show that "discovery on the issue might well demonstrate facts sufficient to constitute a basis for jurisdiction."

# V.

# CONCLUSION

For the reasons given herein, WBA's Motion to Dismiss should be denied. In the alternative, Plaintiff requests leave to conduct jurisdictional discovery and also prays for all other relief to which she is justly entitled.

Date: May 21, 2021                        Respectfully Submitted,

/s/ Thomas D. Haklar
Thomas D. Haklar, CA Bar No. 169039
Peggy J. Reali (Of Counsel) SBN 153102

**LAW OFFICE OF THOMAS D. HAKLAR**
320 Encinitas Blvd., Suite A
Encinitas, CA 92024
Tel.: (858) 481-5454
Fax: (858) 720-9797
thaklar@haklarlaw.com

Scott D. Hirsch (*pro hac vice*)
SCOTT HIRSCH LAW GROUP
301 W Palmetto Park Road #207A
Boca Raton, FL 33433
Telephone: (561) 569-7062
(scott@scotthirschlawgroup.com)

Joseph A. Bruno *(pro hac vice)*
BRUNO & BRUNO
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
(jbruno@brunobrunolaw.com)

Robert Redfearn (*pro hac vice*)
Robert L. Redfearn, Jr. (*pro hac vice*)
30th Floor, Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
(Robertr@SPSR-law.com)

(Robertjr@SPSR-law.com)

Mark Kepple (*pro hac vice*)
1219 Chapline Street
Wheeling, W. Va. 26003
Telephone: (304) 233-3100
Facsimile: (304) 343-3133
(mkepple@baileywyant.com)

Theodore Huge (*pro hac vice*)
HARRIS & HUGE, LLC
180 Spring Street
Charleston, SC 29403
Telephone: (843) 805-8031
Facsimile: (843) 636-3375
(ted@harrisandhuge.com)

Attorneys for Plaintiff Susan Smith and all those similarly situated.