**FILED**

JAN 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN SMITH, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> WALGREENS BOOTS ALLIANCE, INC., WAGDCO, LLC, et. al., <br><br> Defendants-Appellees, | No.   22-16468 <br><br> D.C. No. 3:20-cv-05451-CRB <br> Northern District of California, San Francisco <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted November 14, 2023
San Francisco, California

Before:  S.R. THOMAS, FORREST, and MENDOZA, Circuit Judges.

Smith appeals the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of her putative class action under the Americans with Disabilities Act, the Rehabilitation Act, the Affordable Care Act, and California state law against Walgreens Boots Alliance, Inc., Walgreen Co., and WAGDCO, LLC

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

("Walgreens"). Smith alleges that Walgreens maintains a policy directing its pharmacists to avoid filling high-dose and long-duration opioid prescriptions, which discriminates against people with disabilities. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review a district court's dismissal of a complaint for failure to state a claim de novo. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 811–12 (9th Cir. 2010). We affirm.

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is warranted where a complaint lacks "a cognizable legal theory" or "sufficient facts alleged" under a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*.

I

The district court properly concluded that Smith did not state a claim for facial discrimination. Smith alleges that Walgreens' policy was facially discriminatory under three theories: (1) proxy discrimination; (2) over-discrimination; and (3) deliberate indifference. Smith does not plausibly state a claim under any of these theories.

First, Smith did not plausibly state a claim for proxy discrimination. To state a claim for proxy discrimination, Smith must plausibly allege that the policy "treats individuals differently on the basis of seemingly neutral criteria that are so closely associated with the disfavored group that discrimination on the basis of such criteria is, constructively, facial discrimination against the disfavored group." *Davis v. Guam*, 932 F.3d 822, 837 (9th Cir. 2019) (quoting *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1160 n.23 (9th Cir. 2013)). Under a proxy theory, the crucial question is whether the "fit" between the protected category and the alleged proxy is "sufficiently close" to make a discriminatory inference plausible. *Schmitt v. Kaiser Found. Health Plan of Wash.*, 965 F.3d 945, 959 (9th Cir. 2020).

Here, Smith alleges that people with opioid prescriptions exceeding the 2016

CDC Guideline limits are disabled and that the policy's dose-and-duration thresholds are a proxy for disability.  However, none of the studies cited by Smith mention a dose-and-duration threshold, let alone show a correlation between disability status and prescriptions exceeding the threshold.  Also, Smith does not include evidence about the proportion of people with disabilities who could be treated with an opioid prescription below the dose-and-duration threshold, which further undermines her claim.  *See Schmitt*, 965 F.3d at 959–60 (affirming dismissal of a proxy discrimination claim when "fit" was not adequately alleged in part because the complaint lacked details about what proportion of people would not be affected by the policy).

Second, Smith did not plausibly state a claim for over-discrimination.  Over-discrimination "arises when the defendant exhibits a willingness to distinguish amongst individuals on the basis of facially neutral criteria, knowing (but accepting) that some individuals who are not members of the disfavored group will suffer alongside the targeted individuals." *Pac. Shores Props., LLC*, 730 F.3d at 1160, n.23.  Here, not only was Smith unable to plausibly allege that Walgreens' policy disproportionately affected people with disabilities, Smith did not plausibly allege that Walgreens specifically targeted people with disabilities.

Finally, Smith did not plausibly state a claim for "deliberate indifference."

To allege "deliberate indifference," Smith must allege both that the defendant has "knowledge that a harm to a federally protected right is substantially likely" if the defendant engages in certain conduct, and that the defendant "fail[ed] to act upon that likelihood." *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002).  Here, Smith's allegations that Walgreens knew of harm due to complaints and the CDC's warning against misapplying its guidelines are too general to support an inference that Walgreens knew its policy would specifically affect people with disabilities.

II

The district court properly concluded that Smith did not plausibly state a claim for disparate impact.  A facially neutral policy may support a disparate impact claim based on lack of meaningful access when the policy has the effect of denying meaningful access to services to people with disabilities, but the "services . . . remain open and easily accessible to others." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1211 (9th Cir. 2020) (citing *Crowder v. Kitagawa,* 81 F.3d 1480, 1484 (9th Cir. 1996)). Here, Walgreens' alleged policy applies to everyone, regardless of their disability status.  Any customer with a prescription exceeding the dose-and-duration threshold might encounter burdens in filling that prescription.  Thus, Walgreens' alleged policy does not deny people with a disability meaningful access to a service that remains open and easily accessible to others.

III

The district court correctly concluded that Smith did not plausibly state a claim that Walgreens failed to provide meaningful accommodations. A reasonable accommodation claim requires a plaintiff to adequately allege that the requested accommodation is (1) reasonable and (2) necessary to accommodate the plaintiff's disability. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). An accommodation is necessary where failure to provide it would deprive a person with a disability from having a "like experience" as a person without a disability. *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012). Smith's reasonable accommodation claim fails for the same reason as her disparate impact claim. Every customer that has an opioid prescription exceeding the CDC dose-and-duration threshold might encounter burdens in filling their prescription. Thus, both people with disabilities and people without disabilities have a "like experience" under Walgreens' alleged policy and an accommodation is not necessary.

**AFFIRMED.**[1]

---

[1] Walgreens' request for judicial notice (Dkt. No. 22) is DENIED.